GEORGE HEYWOOD *vs.* ISAIAH REED.

Objections to the competency of material interrogatories and answers in a deposition taken before a justice of the peace, pursuant to Rev. Sts. *c.* 94, §§ 15–26, in the presence of both parties, may be first made at the trial, even if the interrogatories were in writing.

The schedule, proofs and list of debts in proceedings in insolvency are competent evidence to prove the debtor's insolvency, in an action brought by his assignee to recover property alleged to have been fraudulently conveyed.

Evidence of the pecuniary standing of an insolvent debtor among his neighbors, creditors and all others having business with him, is competent for the purpose of showing that a preferred creditor had no reasonable cause to believe him insolvent.

Public statements, by the owner of property, of his intent and purpose to dispose of it, are competent evidence to show that a subsequent sale of the property by him was made in good faith, and without intent to defraud creditors.

The statements of an insolvent debtor, whether made before or after a sale alleged to be fraudulent, as to the value of the property sold, and of his other property, are inadmissible against his assignee in insolvency, to show that the sale was in good faith.

An insolvent debtor's statement of the terms of a previous agreement under which certain machinery was put into the building of another are inadmissible to show that a subsequent sale of the machinery to the owner of the building was made in good faith.

In an action by the assignee of an insolvent debtor to recover back property alleged to have been fraudulently conveyed, evidence of the defendant's general reputation for honesty and integrity is inadmissible.

Evidence tending to contradict a witness, and to show that he had conspired with one party to the action to cheat and defraud the other does not authorize the introduction of evidence of the character of the witness for honesty and integrity.

ACTION OF TORT by the assignee of Cyrus Noyes, an insolvent debtor, to recover the value of the stock, fixtures and machinery of a sash and blind factory, sold by Noyes to the defendant only a few days before the institution of the proceedings in insolvency, the first publication of notice in which was on the 18th of March 1854.

At the trial in the court of common pleas, before *Briggs*, J., the plaintiff, in order to prove the insolvency of Noyes, and the extent of his insolvency, called the commissioner of insolvency as a witness, and he produced the original papers in the insolvency proceedings; and the plaintiff offered the schedule of debts furnished by the insolvent to the messenger, the proofs of debts made by the several creditors under oath, the lists of debts proved at the several meetings, and the warrant and record of proceedings in insolvency; all of which were objected to by the

defendant, but were admitted by the judge for the purpose for which they were offered.

The plaintiff produced a writ of attachment against Noyes, made three days before the sale of this property, and called the attaching officer as a witness, who testified that when he served the writ, the defendant was present, and receipted for the property. On cross-examination the defendant offered to prove the declarations of the debtor before the sale, to show that the subject of the suit in which the property was attached was a disputed claim. But this evidence was objected to, and rejected.

The defendant then offered to show, by this witness, various other declarations of Noyes made prior to his insolvency, and both before and after the sale to the defendant, tending to show that Noyes was at that time in good credit, and the amount of his property, his title therein, and the value of the property sold to the defendant, (which was in dispute,) his knowledge of the state of his affairs, and the openness and want of concealment, with which said sale was made; but none of these declarations were alleged to have been made at the time of the alleged sale. The plaintiff objected to this evidence, and it was ruled out. But the defendant was allowed to prove, by another witness, that some time before the sale Noyes told him that he proposed to sell out to Reed.

The plaintiff produced the deposition of Franklin Hobart, taken after notice, before a justice of the peace, on written interrogatories, then put by the counsel of both parties, and in the presence of the defendant. To a material question in said deposition, and to the answer thereto, the defendant objected at the trial. But as no objection was noted by the justice as having been made at the time of taking the deposition, the judge ruled that it was not now open to the defendant.

The defendant, in order to show that he had no reasonable cause to know the insolvency of Noyes at the time of the sale, offered to show the business credit and pecuniary standing of Noyes, before and at that time, amongst his neighbors, and creditors, and all others having business dealings with him. But the judge refused to admit such evidence.

The defendant asked Hayden, one of his witnesses, if Noyes said any thing to the witness, of his desire to sell out, in the winter before he sold to the defendant. The plaintiff objected, and the objection was sustained.

The plaintiff offered evidence tending to show that a certain water wheel and shafting were sold by Noyes and bought by the defendant less than three months before the insolvency, in fraud of the rights of creditors. To meet this, the defendant, after proving that the building, in which said wheel and shafting were, was his property, and that Noyes had put the same into the building under an agreement with him, asked the witness if he heard the parties, Noyes and the defendant, when together, at a time subsequent to this agreement, and about a year before the alleged fraudulent sale, say what the terms of agreement were. The conversation proposed to be proved was in the mill on the floor above the wheel, and had reference to the work, part of which had been done, and the rest being done. This evidence was objected to, and excluded.

Evidence having been produced by the plaintiff, tending to show that the sale from Noyes to the defendant was fraudulent, as it was intended to hinder, delay and defraud his creditors, the defendant offered to prove his own general reputation among his creditors, as a man of honesty, integrity and moral worth. But the judge rejected the evidence.

Noyes having been produced by the defendant as a witness, and the plaintiff having produced a witness whose testimony tended to contradict Noyes, and to show that he had conspired with the defendant to cheat and defraud his creditors, the defendant offered to prove the general reputation of Noyes for integrity, honesty and moral worth, as well as for truth and veracity. But the judge refused to admit the evidence.

The jury found a verdict for the plaintiff, and the defendant alleged exceptions.

*G. A. Somerby,* (*B. F. Butler* with him,) for the defendant. 1. The schedule, proofs of debts, and list of debts were inadmissible for the purposes for which they were introduced. The schedule was only the written statement of the insolvent, made

after the defendant's title had accrued, and to which he was not a party. The proofs of debts were merely affidavits of creditors, to which the defendant had no opportunity of objecting. The list of debts was merely a memorandum of *res inter alios actæ*. None of these papers are made evidence by the statute ; and the record could only be evidence of the fact that such proceedings were had.

2. The declarations of the assignor, made before the assignment, and while the property was in his possession, being declarations against his interest, were competent evidence against the defendant claiming under him. *Lambert* v. *Craig*, 12 Pick. 199. *Strong* v. *Wheeler*, 5 Pick. 410. *Holt* v. *Walker*, 26 Maine, 107. *Snelgrove* v. *Martin*, 2 M'Cord, 241. *Ramsbottom* v. *Phelps*, 18 Conn. 278.

3. The ruling as to the deposition was in direct contravention of the Rev. Sts. *c.* 94, § 26, which expressly enacts that every objection to the propriety of any questions put to the deponent, or any answers made by him, may be made at the trial. This was not a deposition " taken upon written interrogatories " within the meaning of the provision of that section, requiring " all objections to any interrogatory to be made before it is answered." And the objections there referred to are evidently objections to the form of the interrogatory only. Even in depositions taken by commission, objections to the competency of the interrogatories and answers may be first made at the trial. *Atlantic Mutual Fire Ins. Co.* v. *Fitzpatrick*, 2 Gray, 280.

4. The business credit and pecuniary standing of Noyes, among those with whom he had dealings, should have been admitted to show that the defendant had no reasonable cause to believe him insolvent.

5. The testimony of Hayden should have been admitted, as tending to show good faith on the part of Noyes, and a previous intention to sell.

6. The declarations of Noyes, affecting his title to the wheel and shafting, while in possession of, and claiming to own it, a year before the sale to the defendant, were admissible in evidence for the same reason, and also as declarations against interest.

7. The testimony to the general reputation of the defendant for honesty and integrity was erroneously excluded.

8. So was the evidence as to the character of Noyes. A witness, whose character has been impeached upon cross examination, or by evidence tending to show fraud and conspiracy to cheat on his part, may be sustained by evidence of his general good character and conduct. *Rex* v. *Clarke*, 2 Stark. R. 241. *Doe* v. *Stephenson*, 3 Esp. R. 284. *Bishop of Durham* v. *Beaumont*, 1 Campb. 207. 1 Stark. Ev. (4th Eng. ed.) 252. *Russell* v. *Coffin*, 8 Pick. 154.

*J. G. Abbott & G. M. Brooks*, for the plaintiff. 1. The papers in the insolvency proceedings of Noyes, being proceedings provided by law, before the competent tribunal, are evidence of the facts set forth in them. *Holbrook* v. *Jackson*, 7 Cush. 136. *Lane* v. *Haynes*, 8 Law Reporter, 502.

2. The declarations of Noyes, not made under oath, nor in the presence of or communicated to the defendant, were mere hearsay evidence, and therefore rightfully rejected. 1 Greenl. Ev. § 124. *Baker* v. *Briggs*, 8 Pick. 122. *Warner* v. *Nichols*, 6 Met. 261.

3. The defendant's counsel having been present at the taking of Hobart's deposition, and made no objection to the question, thereby waived all right to object to its competency, or to that of the answer responsive thereto. Rev. Sts. *c.* 94, § 26.

4. The evidence as to the business standing and reputation of Noyes was rightfully rejected.

5. The declarations of Noyes to Hayden were not admissible against the defendant.

6. The conversation between Noyes and the defendant as to the bargain about the water wheel was rightfully rejected, as being a mere narrative of a previous agreement, and not the agreement itself. 1 Greenl. Ev. §§ 108, 110.

7. Evidence as to the defendant's general reputation for integrity was rightfully rejected, the defendant's character not being necessarily and directly in issue. 1 Greenl. Ev. § 55. *Potter* v. *Webb*, 6 Greenl. 14. *Fowler* v. *Ætna Fire Ins. Co.* 6 Cow. 673.

8. For the same considerations, the testimony as to the gen-

eral reputation of Noyes was rightfully rejected. Such evidence can be offered in support of a witness, only where his general character has been directly impeached by witnesses called to it, or by proving facts showing infamy, as for instance that he had been convicted of an infamous crime. *Russell* v. *Coffin*, 8 Pick. 154. *Bishop of Durham* v. *Beaumont*, 1 Campb. 207. 1 Stark. Ev. (4th Amer. ed.) 186.

This case was decided at October term 1856.

MERRICK, J.   Several exceptions were taken by the defendant to the rulings of the presiding judge at the trial in the court of common pleas, on account of some of which it becomes necessary that a new trial should be ordered.

The objectionable portion of the deposition of Hobart should have been rejected. It was taken before a justice of the peace, after due notice, and the parties were both present at the examination. In such cases the right of making objections to the credibility or competency of the deponent, or to the propriety of questions put to him, or of his answers, in the same manner as if he were personally examined upon the trial, is fully reserved and secured by the express terms of the statute. Even when a deposition is taken on written interrogatories, it is only when a party intends to insist upon a formal objection to any one of them, that he must, in order to make it effectual, cause it, if the interrogatory be not withdrawn, to be noted upon the interrogatory before it is answered. Rev. Sts. *c.* 94, § 26.

The evidence offered by the defendant concerning the business credit and pecuniary standing of Noyes, the plaintiff's assignor, prior and up to the day of the date of the alleged fraudulent sale, should have been admitted, as having a tendency to disprove the charge that he had reasonable cause to believe that said Noyes was at that time insolvent. Upon a question of that kind, the means of forming a judgment are commonly, and from necessity, very imperfect. Individuals cannot, in general, resort to the most authentic sources of information to ascertain the pecuniary responsibility of parties with whom they deal. They are obliged to act upon opinions entertained and adopted in view of circumstances which are merely external and apparent

and hence they may well be presumed to be in some degree influenced in their transactions by the business credit and pecuniary standing which a party has acquired and maintained among his neighbors and acquaintances. When his motives to action in pecuniary transactions are called in question, considerations of this kind deserve attention, and therefore are properly subjects of inquiry and investigation. The weight and value of such evidence must in each particular case depend greatly upon the kind, nature and strength of the proofs it is intended to encounter. Under some circumstances which might easily be conceived, it would undoubtedly be of very little importance, while in other cases it might be effectual and decisive. Being properly admissible, the exclusion of proof concerning the credit and standing of Noyes deprived the defendant of the benefit of evidence to which he was justly entitled, and which, if the jury had been allowed to hear and consider, might have been sufficient to have induced them to render a different verdict. *Bartlett* v. *Decreet, ante,* 113.

The interrogatory which the defendant proposed to put to the witness Hayden was pertinent to the subject of inquiry, and to the point in issue, and should therefore have been allowed. If, prior to the sale of the stock and fixtures of his factory to the defendant, Noyes had openly and publicly expressed a desire and purpose to dispose of it, and had for that purpose offered it in the market, his declarations and offers to that effect would have some tendency to show that a subsequent sale was in the regular course and order of legitimate business, and therefore not fraudulent or collusive. What answer was expected to be made to the inquiry is not stated. All that can be said, therefore, is that the interrogatory appears to have been unobjectionable, and might have induced a reply which would have been of essential value to the defendant. In the absence of any statement concerning the answer which it was supposed or believed that the witness would have given to the interrogatory, it cannot well be considered that any material testimony has been lost by the defendant; and if this were the only error found in the rulings of the court upon the trial, we should perhaps

hesitate about disturbing the verdict. But upon the new trial which is for other reasons ordered, the error which occurred in this particular may be corrected.

We do not perceive any valid objection to any other of the rulings of the presiding judge, which were excepted to. The records of the proceedings in insolvency in the case of Noyes were rightly received in evidence for the purposes for which they were produced. The declarations and conversations of Noyes on the various occasions mentioned in the bill. of exceptions, and the defendant's offers to prove that his own character and the character of Noyes were respectively good for honesty, integrity and moral worth, were all properly rejected.

*Exceptions sustained.*